dockets of the state without the necessity of creating new judicial districts in centers of litigation, and section 5 merely states additional matters for consideration in determining whether or not another judge should be assigned to another district for the disposition of cases.

■ In the present case Judge Chapman has assigned a district judge to try cases in Haskell county. In the first instance, as to whether or not he would so assign any one was a matter of discretion; and in the second place, the selection of what particular judge he should send was a matter of judgment and discretion, taking into consideration the business of each county in his administrative district, and the judges, if any, available. His judgment and discretion in these matters are not subject to control or direction by mandamus. 28 Texas Jurisprudence, pp. 540, 574, §§ 28, 33.

■■ If in the performance of his duties the presiding judge has assigned a district judge to try cases in Haskell county who is disqualified to try any particular case, the constitutional and statutory remedies are available as in the instance of a regular district judge being disqualified.

In the instant proceeding the relator has made no one a party except Judge Chapman, as presiding judge, and two other district judges, neither of whom, of course, have any personal interest in the controversy. It is elementary that all parties interested adversely to the relator must also be made parties to a proceeding of this character, and in this case that has not been done. 28 Texas Jurisprudence, pp. 627, 629, §§ 62, 63.

It follows from the foregoing that the motion for leave to file should be overruled; which is accordingly done.

J. W. McCullough, of McKinney, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is possessing for the purpose of sale spirituous liquor capable of producing intoxication; the punishment, confinement in the penitentiary for one year.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.